**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GERALD KEYLARD and YVETTE HIGHLAND, | ) ) ) | No. 13 C 2468 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Judge Ronald A. Guzmán |
| MUELLER ANDERSON, P.C. and GEORGE MUELLER, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs have sued defendants for their alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and for wrongful attachment, fraud and negligent hiring in violation of Illinois law. Defendants have filed a motion to dismiss Counts II-V of the amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] For the reasons set forth below, the Court grants the motion.

**Facts**

On April 4, 2012, defendants sent plaintiff Keylard a letter addressed to 3376 E. 24th Road in Marseilles, Illinois attempting to collect a $1,243.51 debt he owed to Community Lenders. (Am. Compl. ¶ 11; *see id.*, Ex. A, Letter from Mueller to Keylard (Apr. 4, 2012).) Sometime thereafter, defendants filed a collection suit against both plaintiffs in state court. (Am. Compl. ¶ 17.)

---

[1] Defendants do not move to dismiss the FDCPA claim asserted in Count I.

Defendants had alias summonses issued to plaintiffs at 3376 E. 24th Road Marseilles, Illinois and 2855 East 13th Road Ottawa, Illinois. (*Id.* ¶ 18.)

On June 19, 2012, a private process server attested that he had personally served plaintiffs with process the previous day at 116 Drew Street #4 (N. 2825th Road) Marseilles, Illinois. (*Id.* ¶ 19; *see id.*, Exs. D & E, VonPerbandt Affs.) Plaintiffs have never lived at that address, and thus were not actually served. (*Id.* ¶¶ 20-21.) Based on information in their own files and that available from skip-tracing databases, defendants knew or should have known that the returns of service were false. (*Id.* ¶¶ 22-24.) Nonetheless, on June 20, 2012, defendants filed the returns with the state court, and thereafter obtained a default judgment against plaintiffs. (*Id.* ¶¶ 19, 25.)

On August 10, 2012, defendants purportedly served a citation to discover assets on plaintiffs at the Drew Street address. (*Id.* ¶ 26.) However, plaintiffs were not in fact served with the citations, and thus did not appear in response to them. (*Id.* ¶¶ 27, 29.)

On September 11, 2012, defendants had rules to show cause issued and purportedly served on plaintiffs at the Drew Street address. (*Id.* ¶ 29.) Again, however, plaintiffs were not really served. (*Id.* ¶ 30.)

On November 13, 2012, defendants had body attachments issued for plaintiffs. (*Id.* ¶ 31.) As a result, on March 17, 2013, plaintiff Highland was arrested pursuant to the attachment. (*Id.* ¶ 33.)

On April 29, 2103, after plaintiffs moved to quash service, defendants dismissed the collection suit. (*Id.* ¶ 38.)

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In Count II, plaintiffs allege that defendants violated § 1692f of the FDCPA, which prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt," by obtaining a default judgment against them without service. 15 U.S.C. § 1692(f). Defendants argue that they relied on an ostensibly valid affidavit of service, and thus are immunized from § 1692f claims. *See, e.g.*, *Mandelas v. Gordon*, 785 F. Supp. 2d 951, 956 (W.D. Wash. 2011) (rejecting § 1692f claim based on debt collector's failure to confirm that facially correct return of service was valid); *Dillon v. Riffel-Kuhlmann*, 574 F. Supp. 2d 1221, 1223 (D. Kan. 2008) ("The Court finds no support for the proposition that pursuing a collection action without serving the debtor constitutes a violation of the FDCPA."); *Pierce v. Steven T. Rosso, P.A.*, No. Civ. 01-1244 DSDJMM, 2001 WL 34624006, at *2 (D. Minn. Dec. 21, 2001) (holding that "defendants' failure to strictly comply with [state service law] . . . . provides [no] legal basis to sustain a claim that the FDCPA has been violated."). This argument, however, ignores plaintiffs' allegations that defendants knew the affidavits of service were false, allegations that other courts have found sufficient to state a § 1692f claim. *See Sykes v. Mel Harris & Assocs.,LLC*, 757 F. Supp. 2d 413, 424 (S.D.N.Y. 2010) ("While the filing of a debt collection action alone does not violate the

FDCPA, if the complaint was supported by affidavits that contained false or deceptive representations about the status and character of the debt . . . then the filing of the state action could also be deemed "unfair or unconscionable" in violation of 15 U.S.C. § 1692f."); *see also Harbison v. Litow & Pech, P.C.*, No. 4:12-cv-2180 SNLJ, 2013 WL 1095654, at *4-6 (E.D. Mo. Mar. 18, 2013) (use of false returns of service in collection suit states a claim for violation of § 1692f); *Freeman v. ABC Legal Servs.*, 827 F. Supp. 2d 1065, 1075 (N.D. Cal. 2011) (same); *Spiegel v. Judicial Atty Servs., Inc.*, No. 09 C 7163, 2011 WL 382809, at *1 (N.D. Ill. Feb. 1, 2011) (same).

The Seventh Circuit has held that § 1692e, which bars the use of "false, deceptive, or misleading representation[s]" in debt collection, does not apply to "filings that are meant to deceive a state court judge." *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 943-44 (7th Cir. 2011). But plaintiffs invoke § 1692f, not § 1692e, and the Seventh Circuit has not decided whether false court filings violate the former section. *See O'Rourke*, 635 F.3d at 941 n.1.

However, its discussion of § 1692f in *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007), implies that they do not. The plaintiff in that case alleged that the defendant violated § 1692f by serving a citation to discover assets on her bank, which caused the bank to freeze all of her assets, including those legally exempt from execution. *Id.* at 473. The court disagreed:

> . . . . [Beler's] theory is that it is "unfair" or "unconscionable" for a debt collector to violate any other rule of positive law. She has in mind 42 U.S.C. § 407(a), which exempts Social Security benefits from attachment or other legal execution, and Illinois law, which adopts the same rule. . . .
>
> . . . . [However], § 1692f creates its own rules (or authorizes courts and the FTC to do so); it does not so much as hint at being an enforcement mechanism for other rules of state and federal law. This is not a piggyback jurisdiction clause. If the Law

4

> Firm violated the Social Security Act, that statute's rules should be applied. Likewise if the Law Firm violated Illinois law. Section 1692f does not take a state-law dispute and move it to federal court, even though the amount in controversy is well under $75,000 and the parties are not of diverse citizenship.
>
> . . . .
>
> Section 1692f certainly does not create a pre-citation hearing requirement on its own . . . . [, and] [n]one of the[] illustrations [in its eight subsections] implies that federal courts should make new rules that change how state-court judgments are collected. Subsection (6) is especially interesting. It says that creditors may not take "nonjudicial" actions that seize property exempt by law. The implication is that state judicial proceedings are outside the scope of § 1692f. . . .

*Id.* at 473-74.

As in *Beler*, the plaintiffs here are trying to use § 1692f to enforce another law, in this case the Illinois Code of Civil Procedure. *See* 735 Ill. Comp. Stat. 5/2-202(a), 2-203(c) (requiring a private process server to file an affidavit of service and making him "liable in civil contempt" for "damages" and "reasonable attorney's fees" for any false statement knowingly made in it). As the *Beler* court noted, however, there is no support in the statutory text for doing so. Accordingly, the Court grants defendants' motion to dismiss the § 1692f claim asserted in Count II.

In Count III, plaintiffs assert that defendants are liable for having body attachments wrongfully issued by the state court. Illinois recognizes a cause of action for wrongful property attachment. *See Neri v. J.I. Case Co.*, 566 N.E.2d 16, 18 (Ill. App. Ct. 1991). But a wrongful body attachment is redressed through a claim for false arrest, malicious prosecution or abuse of process, none of which plaintiffs have alleged. *See Boyd v. City of Chi.*, 880 N.E.2d 1033, 1044-45 (Ill. App. Ct. 2007) (stating that elements of false arrest are defendant's restraint of plaintiff without probable cause and elements of malicious prosecution are that defendant started or continued a proceeding against plaintiff with malice and without probable cause, the proceeding terminated in plaintiff's

5

favor and plaintiff suffered damages); *Kumar v. Bornstein*, 820 N.E.2d 1167, 1173 (Ill. App. Ct. 2004) (abuse of process requires allegations that defendants "instituted [the] proceedings . . . for an improper purpose" and used them "to accomplish some result that is beyond the purview of the process"). Accordingly, the Court dismisses the wrongful attachment claim.

In Count IV, plaintiff asserts a common law fraud claim, which requires allegations that defendants made a false statement of material fact to induce plaintiffs to rely on it, plaintiffs justifiably did so, and they were damaged as a result. *Soules v. Gen. Motors Corp.*, 402 N.E.2d 599, 601 (Ill. 1980). According to the amended complaint, the intended and actual recipient of defendants' false statements was the state court, not plaintiffs. (*See* Am. Compl. ¶¶ 49-52.) Thus, plaintiffs have not stated a viable fraud claim.

In Count V, plaintiffs seek to hold defendants liable for negligent hiring of their process server. An employer is liable for the acts of an independent contractor only if the employer "knew or should have known [that the contractor] was unfit for the job so as to create a danger of harm to the plaintiff" and "there [is] a connection between the particular unfitness and the independent contractor's negligent act." *Jones v. Beker*, 632 N.E.2d 273, 277 (Ill. App. Ct. 1994). Though plaintiff alleges that defendants' process server was a convicted felon, they do not allege that defendants knew or should have known that fact or explain why the crimes allegedly committed by the process server suggest that he would falsify returns of service. (*See* Am. Compl. ¶¶ 22, 54.) Accordingly, the Court dismisses plaintiffs' negligent hiring claim.

**Conclusion**

For the reasons set forth above, the Court grants defendants' motion to dismiss [30] and dismisses with prejudice the § 1692f and wrongful attachment claims asserted in Counts II and III and dismisses without prejudice the common law fraud and negligent hiring claims asserted in Counts IV and V. The FDCPA claim asserted in Count I, which was not a subject of this motion, stands. Plaintiffs have fourteen days from the date of this order to amend their fraud and negligent hiring claims. If they fail to do so in that period, the Court will dismiss those claims with prejudice.

SO ORDERED.                                                      ENTERED: August 22, 2013

*Ronald A. Guzman*
_____
**HON. RONALD A. GUZMAN**
**United States District Judge**